74 F.3d 1247
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald J. VAN POOL Plaintiff-Appellant,
v.
SAN FRANCISCO FIRE DEPARTMENT, a municipal agency, the Civil
Service Commission of the City and County of San
Francisco, a municipal agency,
Defendants-Appellees.
 No. 94-16089.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 5, 1995.
Decided Jan. 8, 1996.
 
 1
 Before: GOODWIN, REINHARDT, Circuit Judges and KING, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 In 1993, appellant, Ronald Van Pool, a white firefighter, sued the appellees claiming that they had retaliated against him in violation of Title VII for his previous employment discrimination suit. The district court granted appellee's motion for summary judgment. We affirm for the reasons set forth below.
 
 FACTS AND PROCEDURAL HISTORY
 
 4
 In June, 1988, the district court approved a consent decree between the San Francisco Fire Department ("the Department"), the Civil Service Commission of the City and County of San Francisco ("the City"), and minority plaintiffs who had alleged discriminatory hiring practices against minorities and women. United States v. City and County of San Francisco, 696 F.Supp. 1287 (N.D.Cal.1988). One of the requirements of the decree was that the goal for promotion of minorities and women from each promotional exam would be equal to their ratio in the eligible applicant pool of exam takers.
 
 
 5
 In 1989, Van Pool sued his employers, claiming that their promotion practices discriminated against him on the bases of race and gender. In 1990, the trial court granted summary judgment in favor of the defendants, Van Pool v. City and County of San Francisco, 752 F.Supp. 915 (N.D.Cal.1990) ("Van Pool I "), and we affirmed. O'Shea v. San Francisco, 966 F.2d 503 (9th Cir.1992), appeal dismissed, United States v. San Francisco, 979 F.2d 169 (9th Cir.1992).
 
 
 6
 The Department conducted an examination for Lieutenant positions in the summer of 1991. Only a fraction of those who took the exam scored high enough to become eligible for promotion. The eligible firefighters were ranked by score on a list posted by the Civil Service Commission. The highest and lowest scores on the list were 890 and 471, respectively. Van Pool ranked 47 out of 103 candidates on the list.
 
 
 7
 The Department used a "sliding band" to make promotion decisions from the eligibility list.[1] The mechanics of the sliding band are summarized in the district court order that is the subject of this appeal.
 
 
 8
 Applicants' test scores [on the eligibility list] are compared by using a statistical technique known as a "sliding band" that compensates for random measurement error. The sliding band operates by taking the highest individual test score and using a statistical formula to create a "band" of a given number of points below that score. People who score within this band are considered to be of comparable knowledge and ability, the difference in their scores reflecting random measurement error. The difference in their rank order and actual test score is accordingly considered irrelevant. Only those within the band are eligible for promotion. When the person with the top score is promoted, the band then "slides down," and the new reference point becomes the highest remaining score in the pool of exam takers not yet promoted. The band's width remains constant. As long as two applicants for promotion are within the band, the City may consider "secondary criteria" such as participation in committees and training programs to decide between them. It must also consider the goal mandated by the consent decree of diversifying the Fire Department, sometimes giving preference to women and racial minorities over white males whose scores are within the same band.
 
 
 9
 Test experts determined the band width for the 1991 eligibility list to be 115 points. In June 1992, the Department began making promotions from the list. It appears that the band did not slide far enough to encompass Van Pool's score until about June, 1993, and he was not promoted to Lieutenant until October 4, 1993, shortly before the eligibility list was to expire. No one with an exam score more than a band width below Van Pool was promoted before or after Van Pool.
 
 
 10
 In 1993, Van Pool filed the instant suit against the Department and the City under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e-3,[2] claiming that the Department and the City had retaliated against him for filing the 1989 discrimination suit. The district court granted summary judgment in favor of the defendants. The court found that Van Pool had failed to establish a prima facie case of retaliation and, in the alternative, that the defendants had articulated non-discriminatory reasons for their allegedly retaliatory actions. The court also stated that the plaintiff had not submitted evidence from which a reasonable jury could have found that the defendant's reasons were pretextual.
 
 Analysis
 
 11
 A plaintiff who complains of retaliation must first establish a prima facie case. Cohen v. Fred Meyer, Inc., 686 F.2d 793, 796 (9th Cir.1982).[3] "Once the plaintiff has established a prima facie case, the burden of production devolves upon the defendant to articulate some legitimate, non-retaliatory reason for the adverse action.... If the defendant meets this burden, the plaintiff must then show that the asserted reason was a pretext for retaliation." Id. The burden of persuasion remains with the plaintiff at all times. Id. at 796-97.
 
 A. Prima Facie Case
 
 12
 To establish a prima facie case of discriminatory retaliation, a plaintiff must demonstrate that: 1) he engaged in an activity protected under Title VII; 2) his employer subjected him to an adverse employment action; and 3) there was a causal link between the protected activity and the employer's action. Miller v. Fairchild Industries, 797 F.2d 727, 731 (9th Cir.1986).
 
 
 13
 Van Pool alleges two types of adverse employment action below.[4] First, he points to the Department's denials of his requests to participate in Department activities and events that would increase his eligibility for promotion and, second the Department's failure to promote him before promoting "less qualified" candidates. In his complaint he cites three incidents that he asserts support his contention of retaliation. These include: the promotion of firefighters ranked below him but within the same band on the eligibility list; the promotion before Van Pool of firefighters from the same band with disciplinary records; the Department's rejection of his application to participate on a review committee, which he alleges is considered in promotional decisions. Over the course of the litigation Van Pool cited to four other incidents that he contends support his claim: the denial of his application to participate in a one-day Company Fireground Tactics Course; the cancelling of his detail on Engine 20 and replacement by a firefighter ranked below him on the eligibility list; three firefighters ranked below him on the eligibility list receiving vacation relief assignments that he had also applied for; and the failure of the department to request his resume until September 1993.
 
 
 14
 A number of the incidents he cites are clearly not probative of retaliation. For example, although Van Pool was not accepted in the mid-October, 1991 Orientation Course, he was invited to attend the same course given only two weeks later. The denial of his request for a spot on the department's Review Committee is equally non-probative. Membership on the Committee is open only to minorities and women. Van Pool would have been barred from obtaining a position on the committee even if he had never participated in Van Pool I. Furthermore, in March 1992, before the department made any promotions from the eligibility list, it announced that service on that committee was not counted in a candidate's favor at the time of promotional decision making.
 
 
 15
 A wide variety of actions can constitute retaliatory conduct, especially where the plaintiff suffers economic harm. See Larson, 2 Employment Discrimination Sec. 34.04 (2d. ed. 1995). Because Van Pool would have been at least economically injured by some of the Department's actions, because he earned less as a firefighter than he would have as a Lieutenant, we will assume arguendo that some of the incidents cited by Van Pool do constitute adverse action. For the sake of this disposition we will also assume that he met his burden of establishing causation and thus, his prima facie case.
 
 B. Legitimate, Non-Retaliatory Reason
 
 16
 Because we assume that some of the incidents cited by Van Pool establish a prima facie case, the burden of production shifts to the Department to articulate a legitimate, non-retaliatory explanation for its actions. Miller, 797 F.2d at 731. The employer " 'need only produce admissible evidence which would allow the trier of fact rationally to conclude that the employment decision had not been motivated by discriminatory animus.' " Miller 797 F.2d at 731 (quoting Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 247 (1981)).
 
 
 17
 The defendants have furnished the Consent Decree and official documents interpreting or facilitating the implementation of the Decree. Under the decree all tests results of firefighters ranked within the same band are considered equivalent. Thus, the promotion of firefighters from within the same band as Van Pool before him does not constitute evidence of retaliation.
 
 
 18
 The department also has submitted a declaration explaining why a firefighter with a disciplinary record from the same band as Van Pool (who actually ranked above him), was promoted before him. Therefore, in order for Van Pool to create an inference of discrimination, he would have to show that this explanation was pretextual. If, for example, Van Pool had submitted evidence showing that normal department policy prohibited the promotion of officers with disciplinary records, this promotion might create a genuine implication of pretext. However, Van Pool does no more than state that the promotion occurred. In and of itself, this creates no implication of retaliation.
 
 
 19
 At heart, Van Pool's retaliation case is based on the department's promotion of firefighters ranked below him and the denial of placement on committees or assignments that would have boosted his chances of being promoted sooner, while others in his band were accepted. Yet under the sliding band, the use of which we have previously upheld as a method for promotion, see, e.g., Officers for Justice v. Civil Service Commission, 979 F.2d 721, 724-26 (9th Cir.1992), this raises no implication of retaliation.
 
 C. Remaining Incidents
 
 20
 There remain only two incidents that are not fully explained by the department, neither of which was mentioned in Van Pool's complaint. Van Pool complains first of the failure of the department to request his resume until September, 1993 and second of the cancellation of his temporary assignment on Engine 20. Each of these allegations is insubstantial. Neither on its face appears unusual or improper. Standing alone, and without further explanation, these two occurrences are simply insufficient to create an implication of retaliation. Accordingly, the order granting summary judgment is AFFIRMED.
 
 
 
 *
 The Honorable Samuel P. King, United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Van Pool challenged the validity of the Decree and the sliding band in Van Pool I; he does not do so here
 
 
 [2]
 Section 704(a) of Title VII provides in pertinent part that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge ... under this subchapter." 42 U.S.C. Sec. 2000e-3(a)
 
 
 [3]
 Van Pool's claim brought under California Government Code Sec. 12940 is analogous to a Title VII claim and is evaluated under federal law interpreting Title VII cases. University of So. Cal. v. Superior Court, 222 Cal.App.3d 1028, 1035 (1990). Because Van Pool's claim under California law will have the same outcome as his Title VII claim, a separate analysis of that claim is unnecessary
 
 
 [4]
 The parties do not dispute that Van Pool's participation in Van Pool I constituted protected activity under Title VII